THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, <br><br> Plaintiffs, <br> v. <br><br> GEM STONE, INC., an Illinois Corporation, <br><br> Defendant. | Case No. 08CV4421 <br><br> Judge Kendall <br><br> Mag. Judge Nolan |

## MOTION FOR DEFAULT JUDGMENT

NOW COME the Plaintiffs and move this Honorable Court to enter a default judgment on behalf of the Plaintiffs and against Defendant on the grounds that the Defendant has failed to answer or otherwise defend the complaint of the Plaintiffs, a copy of which is attached as "Exhibit A." Defendant was served on August 11, 2008, as more fully stated on the Affidavit of Service, a copy of which is attached as Exhibit "B."

WHEREFORE, Plaintiff requests the following relief:

1. That default be entered against the Defendant herein, GEM STONE, INC., an Illinois Corporation, and that the complaint filed herein be taken as confessed.

2. That an order be entered forthwith against the Defendant and in favor of Plaintiffs for production of books and records for the period February 1, 2002, through June 30, 2008, and to pay to Plaintiffs the amount found due and owing in accordance with the

applicable provisions of its collective bargaining agreement.

3. That interest and/or liquidated damages be assessed against the Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of the Pension Reform Act.

4. That the Defendant be ordered to comply with and perform according to the terms and conditions of its collective bargaining agreement with Local 21.

5. That the Court reserves jurisdiction with respect to any supplemental proceedings to be instituted by the Plaintiffs to enforce the judgment entered herein.

6. For such other and further relief as the Court may deem just and proper, including reasonable attorney's fees and court costs which are sustained.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#:  01047558

Dated:  September 4, 2008

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>GEM STONE, INC., an Illinois Corporation,<br><br>Defendant. | FILED: AUGUST 6, 2008<br>08CV4421<br>JUDGE KENDALL<br>MAGISTRATE JUDGE NOLAN<br><br>JFB |

## COMPLAINT

Plaintiffs, MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, by and through their attorney, Robert B. Greenberg, of Asher, Gittler, Greenfield & D'Alba, Ltd., and complaining of Defendant, GEM STONE, INC., an Illinois Corporation, allege as follows:

1.  This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

2.  Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

-1-

Exh."A"

3. The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS & STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 2309 Honeysuckle Ct., Lindenhurst, IL 60046.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. That from February 1, 2002, through the present, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

9. Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period February 1, 2002, through the present.

10. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to submit its books and records for an audit as provided for in the Funds' Trust Agreement, which is incorporated into the Bargaining Agreement, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs pray:

(a) That Defendant be compelled to account to Plaintiffs for contributions due as aforesaid and to pay to Plaintiffs any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(b) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

-4-

(d)   For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558

-4-

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND,
Plaintiffs,

v.

GEM STONE, INC., an Illinois Corporation,
Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08CV4421

JUDGE: JUDGE KENDALL

MAGISTRATE JUDGE NOLAN

JFB

TO: (Name and Address of Defendant)

GEM STONE, INC., an Illinois Corporation
c/o: JEFFERY HEATH, Registered Agent
2309 Honeysuckle
Lindenhurst, IL 60046

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ROBERT B. GREENBERG, ESQ.
ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael W. Dobbins, Clerk

*Cynthia Mercado*

---
(By) DEPUTY CLERK

August 6, 2008
---
Date



BY DEPUTY CLERK

Exh. "B"

ClientCaseID: ROBERT
Law Firm ID: ASHER


*194813A*

CaseReturnDate: 9/6/08

Affidavit of SPECIAL PROCESS SERVER

## UNITED STATES DISTRICT COURT

Case Number **08CV4421**

I, KEITH R. BOCKELMANN

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. CHICAGO IL 60606

## PERSONAL SERVICE

THAT I SERVED THE WITHIN      SUMMONS AND COMPLAINT
ON THE WITHIN NAMED DEFENDANT      GEM STONE, INC.
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT PERSONALLY      8/11/08

That the sex, race and approximate age of the person whom I left the SUMMONS AND COMPLAINT are as follow:

Sex MALE    Race WHITE    Age 51
Height 5'10"    Build MEDIUM    Hair GREY

LOCATION OF SERVICE    2309 HONEYSUCKLE
LINDENHURST, IL, 60046

Date Of Service 8/11/08    Time of Service 3:09 PM

KEITH R. BOCKELMANN    8/12/2008
SPECIAL PROCESS SERVER
P.E.R.C. 0129-125251

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

Total:    $55.00